# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL SHANE FRANCIS,           )
                                 )
       Plaintiff,         )
                                 )
v.                               ) Case No. CIV-06-023-KEW
                                 )
THE CITY OF COWETA, Oklahoma,    )
A Municipal Corporation;         )
STEVEN C. WHITLOCK; DERRICK      )
PALMER; and DONNY KRUMSIEK,      )
Individually,                    )
                                 )
       Defendants.        )

## OPINION AND ORDER

This matter comes before the Court on two Motions filed by Defendants – the Motion to Dismiss of All Defendants (Docket Entry #16) and Alternative Motion of Defendants to Stay Proceedings (Docket Entry #17). These Motions are at issue with appropriate and timely responses, replies and supplements having been filed. Upon review and consideration of these documents, this Court renders this ruling.

Plaintiff commenced this case on January 18, 2006, alleging he was terminated in violation of his constitutional and state law rights. Specifically, Plaintiff alleges he worked for Defendant City of Coweta ("City") as a police officer but was terminated on November 16, 2005. Plaintiff contends he could only be terminated for "just cause" but that no cause was provided to Plaintiff by Defendants. As a result, Plaintiff asserts claims for violation of his constitutional right to due process, both procedural and

substantive, violation of his constitutional right of freedom of speech and right of assembly based upon Plaintiff's participation with the labor union of which he is a member, violation of the Oklahoma Fire and Police Arbitration Act ("OFPAA") and violation of the due process, free speech and right to assembly guaranteed by the Oklahoma Constitution. Plaintiff seeks monetary as well as declaratory, injunctive and mandamus relief.

Defendants assert in the subject motions that (1) Plaintiff cannot invoke the grievance arbitration provisions under the collective bargaining agreement in place at the time of his terminatíon nor the protections provided by the OFPAA in the form of a pension board hearing because he was a probationary employee; and (2) even if the collective bargaining agreement is effective as to Plaintiff, he must proceed before the District Court in and for Wagoner County, Oklahoma in accordance with the express terms of the agreement. Defendants conclude in their motion to dismiss that "this Curt (sic) has no jurisdiction over Plaintiff's First, Third, Fourth, Fifth or Sixth Causes of Action." Picking up on this language, Plaintiff couches his response in terms of this Court possessing the requisite jurisdiction over his claims in contending he is not a probationary employee and, even if he is so classified, he is entitled to the protections provided by both the collective bargaining agreement and the OFPAA.

Defendants do not specifically state the basis for the

2

requested dismissal of this case, other than the reference to jurisdiction. In reviewing the bases for the motion, this Court interprets the motion as one asserting Plaintiff has failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) rather than a challenge to jurisdiction under Rule 12(b)(1) or (2). Defendants do not contend in the motion, for instance, that this Court lacks personal jurisdiction over them due to their insufficient contacts with this Federal District or subject matter jurisdiction over Plaintiff's constitutional claims. Consequently, this Court views the challenge as merely a legal one contending Plaintiff cannot prevail on the claims asserted under the facts present in the case.

Given this procedural basis for the motion, the current state of the briefing causes this Court some concern. Defendants contend Plaintiff was a probationary employee at the time of his termination. Plaintiff disputes this assertion, offering certain documents outside of the initial pleadings in support of this position. In reply, Defendants attach a number of documents, also not appended to the initial pleadings, which they argue supports their position. In this circumstance, Rule 12(b)(6) contemplates a mandatory conversion of a dismissal motion to one seeking summary judgment when documents are referenced by the parties which are not included in the initial pleadings. As a result, the motion will be converted and the parties will be afforded the opportunity to

3

submit additional evidence, statement of facts and argument in support of their positions.

Defendants also request, in the alternative, that this case be stayed because a similar action is pending in the state court, addressing similar issues. In support of their position, Defendants refer to the case of Fox v. Maulding, 16 F.3d 1079 (10th Cir. 1994)[1], wherein the Tenth Circuit Court of Appeals affirmed the trial court's determination under the Colorado River doctrine to defer consideration of a case where an identical case was pending in state court.

The Colorado River doctrine[2] permits a federal court to dismiss or stay a case pending before it "in deference to pending parallel state court proceedings." Fox, 16 F.3d at 1080. Declining federal jurisdiction based upon this doctrine is only appropriate under "exceptional" circumstances. Id. at 1081. The factors to be considered are "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction." Id. at 1082 citing Colorado River, 424 U.S. at 818.

Applying these factors, this Court finds abstention from

---

[1] Both Defendants in their Motion and Plaintiff in his response provide an erroneous citation to the Fox case.

[2] The doctrine was introduced in the case of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

considering this case is nor warranted. Property is not at issue in this case and the federal forum is not inconvenient to any party. Further, piecemeal litigation will not result, since the two actions are not identical. The Wagoner County action seeks declaratory relief as to Plaintiff's status as a probationary employee and the application of the OFPPA and collective bargaining agreement. This federal case incorporates several more constitutional and state law claims. Additionally, the parties are not identical in the two actions, as the individual Defendants in this case are not named in the state court action. Finally, this Court obtained jurisdiction over this case before the Wagoner County District Court acquired jurisdiction over its case. The requested stay is, therefore, not justified and this case will proceed.

IT IS THEREFORE ORDERED that the Motion to Dismiss of All Defendants (Docket Entry #16) is hereby **CONVERTED** in accordance with Fed. R. Civ. P. 12(b)(6) to one under Fed. R. Civ. P. 56 seeking summary judgment. Defendants shall file a Converted Motion for Summary Judgment, including a statement of facts, any evidence for the Court's consideration and legal argument on the issues addressed in their motion to dismiss no later than **JULY 7, 2006**. Thereafter, Plaintiff shall be permitted to file a response within fifteen (15) days and Defendants shall reply within eleven (11) days after the filing of Plaintiff's response, setting forth all

required evidence for consideration of the issues addressed in the Motion.

IT IS FURTHER ORDERED that the Alternative Motion of Defendants to Stay Proceedings (Docket Entry #17) is hereby **DENIED**.

IT IS SO ORDERED this 22nd day of June, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE